UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN B. DAVIS,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>CALIFORNIA ATTORNEY GENERAL,<br><br>　　　　　　　　　Respondent. | Case No.: 19cv2263-LAB (LL)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a California probationer challenging a state conviction arising from a guilty plea, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Petition is subject to dismissal without prejudice due to Petitioner's failure to sign the Petition under penalty of perjury, failure to use a court-approved petition form and failure to name a proper Respondent.

## **FAILURE TO SIGN PETITION UNDER PENALTY OF PERJURY**

Rule 2(c) of the Rules Governing Section 2254 Cases provides that "[t]he petition must be printed, typewritten or legibly handwritten; and <u>be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242</u>." Rule 2(c), 28 U.S.C. foll. § 2254 (emphasis added). Here, Petitioner has not signed the Petition under penalty of perjury, but merely in a manner he contends "complies with the requirements of [Federal Rule of Civil Procedure] 11." (ECF No. 1 at 12.)

## FAILURE TO USE PROPER FORM

Additionally, a Petition for a Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the United States District Court for the Southern District of California. See Rule 2(d), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, the petition must be submitted upon a court-approved form and in accordance with the instructions approved by the Court. Id.; S. D. Cal. CivLR HC.2(b). Petitioner has not submitted his application for writ of habeas corpus on a court-approved form.

## FAILURE TO NAME PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

If a "petitioner is on probation or parole, he may name his probation or parole officer 'and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate.'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note). Petitioner indicates he is currently on probation. (ECF No. 1 at 8.)

However, rather than naming his probation officer or the official in charge of his probation agency, he names the California Attorney General as Respondent. "If the petitioner is not yet in custody – but may be subject to future custody – under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgement was entered." Rule 2 (b), 28 U.S.C. foll. § 2254. Here, there is no basis for Petitioner to have named the Attorney General as a respondent in this action. In order for this Court to entertain a Petition for Writ of Habeas Corpus, Petitioner must name the person who will produce "the body" if directed to do so by the Court. Because Petitioner is on probation, proper respondents are his probation officer and the official in charge of the probation agency, not the California Attorney General. See Ortiz-Sandoval, 81 F.3d at 894.

## CONCLUSION AND ORDER

For the foregoing reasons, the Petition is **DISMISSED** without prejudice. To have this case reopened, Petitioner must submit, **no later than January 6, 2020,** a First Amended Petition which cures the defects identified in this Order. The Clerk of Court shall send a blank Southern District of California amended petition form to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: December 3, 2019

*Larry A. Burns*

Hon. Larry Alan Burns
Chief United States District Judge