UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN B. DAVIS,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>STEPHANIE RUE and ADOLFO GONZALEZ,<br><br>　　　　　　　　Respondents. | Case No.: 19cv2263-LAB-MDD<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br><br>[ECF No. 4] |

Petitioner, a state prisoner proceeding *pro se*, has filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 7). On November 29, 2019, Petitioner filed a Motion for Appointment of Counsel. (ECF No. 4). For the following reasons, Petitioner's motion is **DENIED WITHOUT PREJUDICE**.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require." 18 U.S.C. §

3006A(a)(2)(B) (2014); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. *Terrovona*, 912 F.2d at 1181; *Knaubert*, 791 F.2d at 728; Rule 8(c), 28 U.S.C. foll. § 2254. The appointment of counsel is discretionary when no evidentiary hearing is necessary. *Knaubert*, 791 F.2d at 728 (citing *Bashor*, 730 F.2d at 1234).

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196 (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970)); *Knaubert*, 791 F.2d at 728-29. The Ninth Circuit considers the clarity and coherence of a petitioner's district court pleadings to determine the necessity of appointment of counsel; if clear and understandable, the court typically finds appointment of counsel unnecessary. *See LaMere v. Risely*, 827 F.2d 622, 626 (9th Cir. 1987).

At this stage of the proceedings, it does not appear that appointment of counsel is required to prevent a due process violation. Petitioner's Amended Petition show that he has "a good understanding of the issues and the ability to present forcefully and coherently his contentions." *Id.* Although Petitioner claims he needs assistance due to the complexity of the case, there is no indication that the issues are too complex or that Petitioner is incapable of presenting his claims. (ECF No. 4 at 6). For example, Petitioner has not demonstrated facts which show that he has an insufficient grasp of his case or the legal issues involved, nor has he demonstrated an inadequate ability to articulate the factual basis of his claim. (*See generally, id.*). Therefore, the Court finds that the interests of justice do not require the appointment of

counsel at this time.[1]  Accordingly, Petitioner's motion is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: December 11, 2019

*/s/ Mitchell D. Dembin*
Hon. Mitchell D. Dembin
United States Magistrate Judge

---

[1] If the Court determines that an evidentiary hearing becomes necessary in the future, the Court will require appointment of counsel at that time.